**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

PASQUALE J. GUERRIERO,

                      Plaintiff,

          v.

DIOCESE OF BROOKLYN, SHRINE CHURCH OF
ST. BERNADETTE,

                      Defendants.

Case No.: 21-cv-04923-MKB-JRC

**STIPULATION AND
[PROPOSED] ORDER
FOR THE PRODUCTION
AND EXCHANGE OF
CONFIDENTIAL
INFORMATION**

---

**IT IS HEREBY STIPULATED AND AGREED** by and between plaintiff, Pasquale J. Guerriero, and defendants, The Roman Catholic Diocese of Brooklyn, New York and Shrine Church of St. Bernadette, through their undersigned attorneys, that the following procedures shall govern the production, exchange, and subsequent handling of confidential documents, deposition testimony and exhibits, answers to interrogatories and other discovery demands, responses to requests to admit, expert reports, and other written, recorded, or graphic matter ("Discovery Material") produced by or obtained from a party (the "Producing Party") during the discovery proceedings in the above-referenced action and designated by the Producing Party as "Confidential" ("Confidential Discovery Material").

1.      The parties may designate any materials reasonably believed by the Producing Party to contain information that should be deemed confidential, as "Confidential." Parties shall mark their Discovery Material as "Confidential" prior to the time copies are furnished to the party requesting the Discovery Material (the "Requesting Party"). Neither party shall designate as "Confidential" documents which are available from public sources or where they do not have a good faith basis for believing that there is good cause for such a designation.

2.      The Requesting Party shall maintain all Confidential Discovery Material in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, and use of all Confidential Discovery Material.

3.      Confidential Discovery Material shall be used only for the prosecution and/or defense of this action, and under no circumstances, other than those specifically provided for in this Confidentiality Stipulation, shall Confidential Discovery Material be disclosed by the Requesting Party, except as provided for in paragraphs 4, 5, and 6 below.

4.      Confidential Discovery Material, or the informational content thereof, that is produced may be disclosed only to the following individuals:

    a.    Counsel of record to the parties to this Confidentiality Stipulation and employees of such counsel's firm actively assisting in the conduct of this action; and

    b.    The parties to this Confidentiality Stipulation;

    c.    Any person who has been retained as an expert witness by the parties or their counsel in this action;

    d.    Consultants and investigators employed by the parties or counsel for the parties to assist in the preparation and trial of this action;

    e.    Employees of any outside firm retained to photocopy or reproduce the discovery material for use in accordance with this Stipulation and Protective Order;

    f.    The Judge and all other court personnel;

    g.    Trial and deposition witnesses; and

    h.    Any person hired by the parties to transcribe via video or written transcript any deposition in the action.

5.      Confidential Discovery Material may be disclosed to persons in paragraph 4(c) - (e), solely upon the following terms and conditions. Before any disclosure is made, the person or party to whom disclosure of Confidential Discovery Material is sought must be provided with a copy of this Confidentiality Stipulation and must certify in writing that the person understands and is bound by this Confidentiality Stipulation and that he or she may not

2

republish the Confidential Discovery Material to any third party, by executing the Stipulation attached hereto as Exhibit A.

6.    Any party to the action that receives a subpoena or other request from a third party that seeks the disclosure/production of Confidential Discovery Material already disclosed in the action that the party did not itself produce shall give prompt telephonic and written notice to that original Producing Party of such subpoena or other request, but in no event more than seven (7) calendar days after actual receipt of the subpoena or other request. If the original Producing Party opposes disclosure of its documents called for by the subpoena or other request, then the party served with the subpoena shall not disclose the pertinent information until a court has resolved the issue. Absent a court order, production or disclosure of another party's Confidential Discovery Material shall not be made until the original Producing Party has agreed to such production to a third party. The original Producing Party shall bear the burden to oppose, if it deems appropriate, the subpoena or other request on the grounds of confidentiality. This Paragraph shall not apply to the disclosure of information pursuant to a third party's subpoena or request for Confidential Discovery Material if the party receiving the subpoena or request itself produced the documents or things called for by the subpoena or request, i.e., this Paragraph shall not apply to the disclosure of a party's own documents or things.

7.    A party or non-party that intends to file any Confidential Discovery Material with the Court and the party or non-party that designated such material must follow the procedures set forth in the Local Rules for filing documents under seal.

8.    All such material so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon order of this Court. This Confidentiality Stipulation has no effect on, and its scope shall not extend to, any party's use

of the party's own confidential information or information lawfully obtained from third parties outside of discovery proceedings in these actions, even if the same or similar materials are produced as Confidential Discovery Material during discovery.

9.      The inadvertent, unintentional, or *in camera* disclosure of Confidential Discovery Material shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a Producing Party realizes that some portion(s) of the discovery material that the party produced should be designated as Confidential, the party may so designate by apprising all parties in writing. Upon receipt of such notice, the Requesting Party shall: (i) not make any further disclosure or communication of such newly designated material except as provided for in this Confidentiality Stipulation; (ii) take reasonable steps to notify any persons known to have possession of any material with the original designation (or lack of designation) and alert those persons of the effect of such a change in designation under this Confidentiality Stipulation; (iii) for material newly designated as Confidential Discovery Material, promptly retrieve or have destroyed all copies and transcriptions of any such material that lacks the Confidential designation from any persons known to have possession of such material. The Producing Party shall promptly provide properly marked materials reflecting the new designation. If Confidential Discovery Material is used inadvertently during the course of the action (including at depositions) inconsistent with or in contravention of other provisions of this Confidentiality Stipulation, the information shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality after such inadvertent use.

10.      If Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Confidentiality Stipulation, the party responsible for the disclosure

4

shall, within five (5) calendar days of learning of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure. As soon as possible thereafter, the parties shall use reasonable efforts to obtain the prompt return of any such Confidential Discovery Material, and obtain a signed undertaking in the form attached hereto from each unauthorized person or party who received Confidential Discovery Material. The requirements set forth in this Paragraph shall not prevent the Producing Party from requesting that the party responsible for the inadvertent disclosure take additional remedial steps and/or applying to the Court for additional relief.

11.    A Requesting Party shall not be obligated to challenge the Confidential designation at the time the material is produced, and a failure to do so shall not preclude a subsequent challenge thereto. If a Requesting Party disagrees at any time with a Confidential designation made by another party or third party, the following procedure shall be used:

a.    The party seeking to change the designation of another party's materials shall provide the Producing Party written notice specifying the material for which a change in designation is sought, and the reasons for the request. The Producing Party shall have seven (7) calendar days after receipt of the written notice within which to object in writing to the change in designation and to specify why protection under this Confidentiality Stipulation is appropriate.

b.    If the Producing Party objects in writing within seven (7) calendar days of receiving such a written notice, both parties shall meet and confer in an attempt to resolve the dispute without involvement of the Court.

c.    If the parties and/or third parties cannot reach agreement concerning the change in designation, the objecting party shall seek an order to remove the Confidential designation via the Court's discovery dispute procedures.

d.    The parties shall continue to treat the material at issue as Confidential Discovery Material, according to the original designation, until the dispute is resolved by this Court or by agreement of the parties and/or third parties.

e.    On any motions arising out of the designation of any material as Confidential under this Confidentiality Stipulation, the burden of justifying the designation shall lie with the Producing Party.

5

12.     Nothing contained in the Confidentiality Stipulation, nor any action taken in compliance with it, shall operate as an admission by: (a) any Producing Party that any particular document or information is not confidential; or (b) any Requesting Party that any particular document or information is confidential. Further, nothing in this Confidentiality Stipulation shall operate as an admission by any party that any particular document is or is not relevant or admissible at the trial of this action.

13.     Within sixty (60) days after conclusion of this action and any appeal thereof, any document and all reproductions of documents containing Confidential Discovery Material produced by a party shall be returned to the Producing Party, except as this Court may otherwise order to the extent such information was used as evidence, or destroyed with a certification of such destruction provided to the Producing Party or its counsel. As far as the provisions of any agreements entered in this action restrict the communication and use of the documents produced thereunder, such agreements/orders shall continue to be binding after the conclusion of this action, except that there shall be no restriction on documents that are used as exhibits in open Court and/or are publicly filed with the Court. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, and other papers filed with the Court, deposition transcripts and exhibits, attorney work product (including an index which refers or relates to information designated Confidential, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents) and the trial record (including exhibits), even if such materials contain Confidential Discovery Material, provided that all such documents otherwise remain subject to the terms of this Confidentiality Stipulation.

14.     Unless otherwise designated during the deposition, all depositions shall presumptively be treated as Confidential Discovery Material and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is made available by the court reporting service to counsel for each of the Parties. At the end of such fifteen day period, the deposition shall be deemed not confidential unless a party has designated it otherwise, either orally at the deposition or in writing with notice to all counsel. If there are objections to such a designation, either party may ask the Court to rule on the propriety of the confidentiality designation. As with documents designated as confidential, the party seeking to designate testimony as confidential shall have the burden of demonstrating that there is good cause for such a designation.

15.     If a party inadvertently produces or provides discovery that it believes is protected from discovery by any privilege or immunity, the Producing Party may give written notice to the Requesting Party or parties that the material is privileged or immune from discovery, stating the grounds for such privilege or immunity, and request that the material be returned to the Producing Party. Within five (5) days of receiving such notice, the Requesting Party shall return to the Producing Party such material and all copies thereof, provided that the Requesting Party may thereafter move the Court for an order that the material in question is not protected from discovery by the asserted privilege or immunity. The inadvertent disclosure of any documents or information protected by any privilege or immunity is not and will not be construed as a general or specific waiver of any such privilege or immunity. Federal Rule of Evidence 502 shall apply to the production of any privileged or protected information.

16.     This Confidentiality Stipulation shall be without prejudice to the right of any party to oppose production of any information for any reason other than confidentiality, or to seek modification by the Court of any of the terms of this Confidentiality Stipulation.

17.     Any subpoena or other notice to a third party requesting production of documents shall include a copy of this Confidentiality Stipulation. If a third party produces documents pursuant to a subpoena or other request issued by one of the parties (or by Court order) and if the third party has not requested its documents be treated as Confidential Discovery Material, then it shall be presumed that such documents do not contain Confidential Discovery Material. The third party's materials shall be handled by all parties to this action in the manner set forth in this Confidentiality Stipulation. The party issuing the subpoena or other request for documents or things to the third party shall provide any non-requesting party an opportunity to review and make copies of any documents produced in response to that subpoena or request.

18.     A party to this action may temporarily withhold production of otherwise discoverable information sought in a discovery request (e.g., interrogatory, request for production, request for admission) if the party is under an obligation to a third party not to disclose such information (e.g., by prior agreement of confidentiality). In such an event (except for information subject to another protective order or confidentiality order by another court), the Producing Party shall:

        a.     timely serve a written objection to the production of the requested information on the basis of its obligation to a third party not to disclose such information; and

        b.     promptly provide to the third party whose confidentiality interests are implicated (i) notice of the pending request to disclose the information, and (ii) a copy of this protective order; and if the third party does not agree to disclosure of its information, then the party requesting the documents or things from the third party may (i) serve a subpoena on the third party, if

8

the Requesting Party has not already done so, or (ii) file a motion to compel.

19.    The parties agree that any disputes that arise pursuant to this stipulation, or the discovery described herein, that the parties are unable to resolve after conferring in good faith will be brought to the attention of and ultimately decided by Judge Cho and Judge Brodie (i.e., this Court).

20.    This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

Dated: New York, New York
          March 25, 2022

**LAW OFFICE OF DARREN WOLF P.C.**      **KELLEY DRYE & WARREN LLP**

By: _____          By: _____
Ashley Marie Pileika, Esq.                Michael C. Lynch
Darren Wolf, Esq.                          Randall L. Morrison, Jr.
1701 N. Market Street Suite 210           3 World Trade Center
Dallas, TX 75202                          175 Greenwich Street
(214) 346-5355                            New York, NY 10007
ashley@darrenwolf.com                     (212) 808-7800
darren@darrenwolf.com                     mlynch@kelleydrye.com
                                          rmorrison@kelleydrye.com

*Attorneys for Plaintiff*

                                          *Attorneys for The Roman Catholic Diocese*
                                          *of Brooklyn, New York*

**SCAHILL LAW GROUP P.C.**

By: _____
Francis J. Scahill, Esq.
1065 Stewart Ave. Suite 210
Bethpage, NY 11714
(516) 294-5200
frank@psnylaw.com
jflynn@scahillpc.com
*Attorneys for Shrine Church of*
*St. Bernadette*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| PASQUALE J. GUERRIERO, | : | Case No.: 21-cv-04923-MKB-JRC |
| Plaintiff, | : | |
| | : | **AGREEMENT WITH** |
| v. | : | **RESPECT TO** |
| | : | **CONFIDENTIAL** |
| DIOCESE OF BROOKLYN, SHRINE CHURCH OF ST. BERNADETTE, | : | **MATERIAL** |
| | : | |
| Defendants. | : | |

I, _____, state that:

1. My address is _____.

2. My present occupation or job description is _____.

3. I have received a copy of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-entitled action on _____.

4. I have carefully read and understand the provisions of the Stipulation.

5. I will comply with all of the provisions of the Stipulation.

6. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Discovery Material that is disclosed to me.

7. I will return all Confidential Discovery Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Discovery Material.

8. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.


Dated: _____          By: _____