**KELLEY DRYE & WARREN LLP**

NEW YORK, NY   WASHINGTON, DC   CHICAGO, IL   HOUSTON, TX
LOS ANGELES, CA   SAN DIEGO, CA   PARSIPPANY, NJ   STAMFORD, CT

Randall L. Morrison, Jr.
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel: (212) 808-7544
Fax: (212) 808-7897
RMorrison@kelleydrye.com

April 11, 2024

**BY ECF**
Hon. Margo K. Brodie, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Pasquale J. Guerriero v. Diocese of Brooklyn, et al.,
        Docket No.  21-cv-04923-MKB-JRC

Dear Chief Judge Brodie:

We represent defendant The Roman Catholic Diocese of Brooklyn, New York (the "Brooklyn Diocese"), sued as Diocese of Brooklyn. Pursuant to Rule 3.A of Your Honor's Individual Practices and Rules, we respectfully request a pre-motion conference concerning the Brooklyn Diocese's anticipated motion for reconsideration of a portion of the Court's Memorandum & Order dated March 28, 2024 (ECF No. 76) ("Order"). The Order partially granted the Brooklyn Diocese's Motion to Dismiss the Second Amended Complaint ("Motion to Dismiss") (ECF No. 67).

In its Order, the Court determined that the Second Amended Complaint ("SAC") plausibly alleged that the Brooklyn Diocese owed plaintiff legal duties based on land ownership and *in loco parentis*, thus allowing the negligence and gross negligence claims based on those purported duties to survive. However, the Court's conclusion that the Brooklyn Diocese owned the property where the alleged abuse occurred ignored the admissible public records submitted by the Brooklyn Diocese on the Motion to Dismiss that the Court respectfully should have taken judicial notice of under Federal Rule of Evidence 201(c)(2). The publicly-available property records submitted by the Brooklyn Diocese under Federal Rule of Evidence 201(b)(2) established the crucial fact that the Brooklyn Diocese did not own The Shrine Church of St. Bernadette ("St. Bernadette").

A.   **The Negligence Claims Based on Land Ownership Cannot Stand Because the Brooklyn Diocese Did Not Own or Control St. Bernadette.**

The SAC alleges that the Brooklyn Diocese owed plaintiff a duty of care based on his status as an invitee at St. Bernadette, where all of his alleged abuse occurred. (SAC ¶ 45.) The SAC includes three generic, conclusory allegations that "Defendants" owned St. Bernadette, but does not allege specifically that the Brooklyn Diocese owned St. Bernadette. (SAC ¶¶ 28, 70(g),

Hon. Margo K. Brodie, U.S.D.J.
April 11, 2024
Page Two

107.) In its Motion to Dismiss, the Brooklyn Diocese submitted three publicly-available documents establishing that it did not own St. Bernadette: (i) St. Bernadette's certificate of incorporation (reflecting that it is a separate and distinct corporate entity from the Brooklyn Diocese); (ii) the deed for the parish property; and (iii) a copy of the NYC ACRIS map showing ownership information for the property. *See* Exhibits A through C to the Morrison Affirmation, (ECF Nos. 67-3, 67-4, 67-5.) The Brooklyn Diocese requested that the Court take judicial notice of these documents. (ECF No. 67, at 12-13.) Plaintiff did not, and cannot, dispute the veracity or authenticity of any of these documents. All of these documents clearly establish that St. Bernadette's owned the property where the abuse is alleged to have occurred. (*Id*. at 12.)

"In order to prevail on a motion for reconsideration, the moving party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." *Salveson v. JP Morgan Chase & Co*., 166 F. Supp. 3d 242, 248 (E.D.N.Y.). In order to have been "overlooked," the facts in question must have been "put before the court on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Henderson v. City of New York*, 2011 WL 5513228, at *1 (E.D.N.Y. Nov. 10, 2011) (internal quotation marks and brackets omitted).

The Court should have considered the admissible public records submitted with the Brooklyn Diocese's Motion to Dismiss since they are admissible public records equally accessible to plaintiff, and they are integral to plaintiff's claims because they indisputably establish that the Brooklyn Diocese does not own St. Bernadette's. *See Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (court can take judicial notice of documents submitted on motion to dismiss where "there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim"). The Court should grant reconsideration and dismiss the remaining claims in the SAC because plaintiff's conclusory allegations regarding property ownership – which define the legal duty of a landowner – are contradicted by the properly submitted documentary evidence. *See, e.g., Labajo v. Best Buy Stores, L.P.*, 478 F. Supp. 2d 523, 528 (S.D.N.Y. 2007) ("Where a plaintiff's conclusory allegations are clearly contradicted by documentary evidence incorporated into the pleadings by reference, [] the court is not required to accept them."); *Matusovsky v. Merrill Lynch*, 186 F.Supp.2d 397, 400 (S.D.N.Y. 2002) (where, as here, "a plaintiff's allegations are contradicted by [documentary evidence], those allegations are insufficient to defeat a motion to dismiss."). Since the records submitted by the Brooklyn Diocese contradict plaintiff's conclusory allegations that "Defendants" owned St. Bernadette, the Court need not accept plaintiff's allegations concerning ownership and should reject them.

Plaintiff's negligence claim based on land ownership must fail as to the Brooklyn Diocese since it did not own the property at issue. Under New York law, there can be no landowner liability in the absence of ownership. *See Goldhirsch v. Majewski by Majewski*, 87 F. Supp. 2d 272, 276 (S.D.N.Y. 2000) ("It is well-settled New York law that liability for a dangerous condition on property is predicated upon ownership, occupancy, control or special use of the property."); *McHale v. Westcott*, 893 F.Supp. 143, 147 (N.D.N.Y. 1995) (essential element of negligence claim is "that the landowner controls the property"); *Farmer v. Gazebo Contracting, Inc*., 218 A.D.3d 644, 646 (2d Dep't 2023) (without ownership, occupancy or control "a party generally cannot be held liable for injuries caused by the dangerous or defective

**KELLEY DRYE & WARREN LLP**

Hon. Margo K. Brodie, U.S.D.J.
April 11, 2024
Page Three

condition of the property"); *Adamkiewicz v. Lansing*, 288 A.D.2d 531, 531 (3d Dep't 2001) (finding that trial court properly granted motion to dismiss where defendant presented proof that, at the time of the accident, it was not the owner of the property).

Because the evidence establishes that the Brooklyn Diocese did not own St. Bernadette, it owed no duty to protect plaintiff as an invitee. The negligence claims based on land ownership fail. As such, the Brooklyn Diocese respectfully requests that the Court reconsider its determination that the Brooklyn Diocese owed plaintiff a duty as a landowner, and dismiss plaintiff's negligence claims based on land ownership as to the Brooklyn Diocese.

### B. The Negligence Claims Based on *In Loco Parentis* Cannot Stand Because the Brooklyn Diocese Did Not Own or Control St. Bernadette.

For the same reasons discussed above, the Brooklyn Diocese owed plaintiff no duty of care under an *in loco parentis* theory. The Brooklyn Diocese did not own St. Bernadette, and, as the Brooklyn Diocese explained in the Motion to Dismiss, the SAC does not and cannot allege that the Brooklyn Diocese played any role in controlling or directing the day-to-day operations of the school. (ECF No. 67, at 12.) An entity that is separate and distinct from a school and does not operate, maintain, or control the school has no duty to supervise students. *See Barnett v. City of Yonkers*, 731 F. Supp. 594, 599 (S.D.N.Y. 1990) (dismissing a custody/control-based negligence claim against city because it did not operate, maintain, or control the school); *Miner v. City of New York*, 78 A.D.3d 669, 670 (2d Dep't 2010) (same). As it does not own or operate the parish or school, the Brooklyn Diocese did not take physical custody over plaintiff and owed him no duty in that regard. This critical fact was put before the Court on the Motion to Dismiss, was overlooked, and if considered would have altered the conclusion that the Brooklyn Diocese owed plaintiff a duty *in loco parentis*. *See Henderson*, 2011 WL 5513228, at *1. Therefore, the Brooklyn Diocese respectfully requests that the Court reconsider its conclusion that the Brooklyn Diocese owed plaintiff a duty *in loco parentis*, and dismiss plaintiff's negligence claims based on that purported legal duty as against the Brooklyn Diocese.

\* \* \* \*

For the foregoing reasons, the Brooklyn Diocese respectfully requests a pre-motion conference pursuant to Rule 3.A of Your Honor's Individual Motion Practices and Rules.

Respectfully,

Randall L. Morrison, Jr.

cc: Hon. James R. Cho, U.S.M.J.  (via ECF)
    All counsel of record  (via ECF)

**KELLEY DRYE & WARREN LLP**