UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

PASQUALE J. GUERRIERO,

Plaintiff,

v.

DIOCESE OF BROOKLYN and SHRINE CHURCH OF ST. BERNADETTE,

Defendants.

---------------------------------------------------------------

**ORDER**
21-CV-4923 (MKB)

MARGO K. BRODIE, United States District Judge:

On September 23, 2026, Defendant The Roman Catholic Diocese of Brooklyn, New York (the "Brooklyn Diocese"), joined by Defendant Shrine Church of St. Bernadette, requested a stay of the above-captioned proceedings due to a stay in effect in all state-court actions filed against the Brooklyn Diocese under New York's Child Victims Act and Adult Survivor's Act. (Def. Letter Motion to Stay, Docket Entry No. 133). The Court notes that Plaintiff opposes the stay and is not a party to the global settlement negotiations cited by Defendant in its Letter Motion. (*See* Pl. Resp. in Opp. to Stay 2, Docket Entry No. 134). Therefore, Plaintiff's claims would not be resolved by such a settlement, nor would a settlement contemplate the specific facts underlying Plaintiff's claims. *See Applestein v. Kleinhendler*, 20-CV-1454, 2021 WL 493424, at *3–4 (E.D.N.Y. Feb. 10, 2021) (denying Defendant's request for a stay that was premised on related bankruptcy proceedings that had been diverted to mediation because (1) mediation was uncertain and risked prejudicing plaintiffs, especially a plaintiff who was not a party to the bankruptcy proceeding and was elderly; (2) judicial economy was not served where there were "non-overlapping liability questions;" (3) it was "not clear that resolution of particular issues or

claims in the bankruptcy would have a preclusive effect in th[e district court] action" since the parties differed; and (4) defendants would not be unduly burdened without a stay); *see also Walsh v. Ill. Union Ins. Co.*, 10-CV-1390, 2011 WL 13521199, at *2 (S.D.N.Y. Jan. 10, 2011) (denying Defendant's request for a stay that was premised on a concurrent state court action because (1) the parties to the federal action were not both parties to the state court action; (2) questions of fact at issue in the federal action were not the subject of the state court action; and (3) the plaintiff would be prejudiced by a delay); *Consol. Edison Co. of N.Y. v. United States*, 30 F. Supp. 2d 385, 389 (S.D.N.Y. 1998) ("When a district court decides to dismiss or stay, it presumably concludes that the parallel litigation will be an adequate vehicle for the complete resolution of the issues between the parties."). While a court "may 'enter a stay pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed,' the party seeking a stay bears the burden of establishing that a stay is warranted." *Pozo v. BlueMercury, Inc.*, 22-CV-7382, 2023 WL 4980217, at *6 (S.D.N.Y. Aug. 3, 2023).

Defendant has not met that burden. Discovery in this action is complete, and the parties have fully briefed Plaintiff's motion to strike expert opinions and testimony and Defendant's motion for summary judgment. *Conservation L. Found., Inc. v. Shell Oil Co.*, 21-CV-00933, 2023 WL 4706815, at *4 (D. Conn. July 24, 2023) ("[W]ith the agreed-upon discovery completed . . . the Defendants are facing no discovery burdens at this time."); *Mountain Cable Co. v. Pub. Serv. Bd. of State of Vt.*, 03-CV-219, 2003 WL 23273428, at *4 (D. Vt. Nov. 4, 2003) ("[T]he [c]ourt is not convinced any discovery required in this suit . . . will be so

expensive and burdensome as to require a complete stay . . . ."). Accordingly, the Court denies Defendant's Letter Motion.

Dated: October 14, 2026
Brooklyn, New York

SO ORDERED:

_/s/ MKB_______________
MARGO K. BRODIE
United States District Judge